(94 South. 778).

## REGISTER v. STATE. (4 Div. 758.)*

(Court of Appeals of Alabama. May 30, 1922.
Rehearing Denied June 30, 1922.)

**1. Criminal law ⬥878(3)—Verdict of guilty under one count of indictment operates as acquittal under other counts.**

Return of a verdict of guilty under one of several counts charged in an indictment for violating the prohibition laws operates as an acquittal of the charges in the other counts.

**2. Criminal law ⬥1166½(12)—Question to witness by court and statement in explanation thereof held not prejudicial error.**

In a prosecution for violating the prohibition laws, the court asked a witness whether the light from a torch was not "made brighter, the darker the night," and in his oral charge referred to the question and stated that he acted within his rights, repudiating any aid to the prosecution. Held, that the action of the court was not prejudicial; the statement being in response to and in explanation of certain intimations made to the jury by defendant's counsel in argument, and it being the court's duty to ask questions of witnesses if necessary.

**3. Intoxicating liquors ⬥238(2)—Guilt under charge of distilling held under evidence for jury.**

Where, in a prosecution for distilling there was evidence tending to show that defendant was in the very act of making rum, or moonshine whisky, which he denied, and by his own testimony and that of several witnesses undertook to prove an alibi, the conflict in the testimony presented a question for the determination of the jury.

**4. Criminal law ⬥1168(1)—Error, if any, as to testimony relating to counts upon which defendant was acquitted, held not to require reversal.**

Where defendant was convicted of distilling under one of several counts in the indictment, rulings upon testimony relating solely to the counts upon which defendant was found not guilty, if erroneous, would not effect a reversal.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied 208 Ala. 575, 94 South. 780.

**5. Witnesses ☞244—Leading question of refractory state's witness in liquor prosecution held proper.**

In a prosecution for distilling whisky, wherein defendant attempted to prove an alibi, it was not error to permit the solicitor to lead a refractory state's witness, who had testified that defendant offered to give him $2 a day to swear that he and defendant were fishing or hunting, by asking him, "Fishing or hunting, when, at the time he is said to have been with the still?"

**6. Criminal law ☞351(8)—Attempt of defendant to fabricate evidence held admissible as showing consciousness of guilt.**

In a prosecution for distilling whisky, evidence that defendant had offered to bribe witness to testify that he was hunting or fishing "on the night he was supposed to be caught making whisky" held admissible as showing defendant's attempt to fabricate evidence, which fact would tend to show a consciousness of guilt.

**7. Criminal law ☞413(2), 448(11)—Question calling for self-serving conclusion or declaration improper.**

Where there was testimony that defendant in a liquor prosecution had offered witness money to swear that they were hunting or fishing at the time, which he sought to explain by reference to another civil suit, it was not error to exclude a question to defendant, "You did have trouble keeping your witnesses here in that civil suit, didn't you?" the question calling for a self-serving conclusion or declaration.

**8. Criminal law ☞1170(4)—Error in exclusion of evidence cured by subsequent admission thereof.**

Where evidence had been introduced in a liquor prosecution that defendant had attempted to bribe witness to testify, which fact defendant tried to explain by showing that it referred to another suit, exclusion of a question as to whether he had trouble in keeping his witnesses in court in such other suit, if erroneous, was not prejudicial, where defendant was subsequently permitted to testify that the witness in question was one of those he had trouble in keeping in court.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Tom Register was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

A witness having been asked if he saw the still, and having described what he saw —a five-gallon can, with pipe attached running through a trough, and a fire around the can—was asked by the solicitor: "Was that an apparatus that they use to make moonshine whisky out of, such an apparatus as is used for that purpose?" The witness making no answer, the court said: "Just answer his question, if you know. Was that such an apparatus as is used for the making of whisky?" The witness answered: "I guess so."

Another witness having been asked with reference to the ability of one to see the stilling outfit in the woods by the light of a torch, and answering to the effect that in his judgment he could not, the court interposed, saying: "Is it not a fact that the light from a torch is intensified or made brighter the darker the night?"

Exception was taken by the defendant to these portions of the court's oral charge to the jury:

"Gentlemen, in the zeal of argument attorneys for the state and for the defendant have made statements which perhaps I should have excluded from you. The purpose of this court is to see that every man has a fair and an impartial trial, and any insinuation to the contrary, so far as I am concerned, I absolutely repudiate. * * * Reference has been made to a question I asked a witness. I was within my rights. I did it, and I repudiate any kind of aid to the prosecution in this case. I have tried my best to do my duty, and I hope you will. I tell you that I was within my rights when I did it, and I did it in keeping with what I conceived to be my duty."

Sollie & Sollie, of Ozark, for appellant.

Unless a witness is able to give something more than a mere vague guess, his testimony is inadmissible. 5 Ency. Ev. 665; 179 Ala. 339, 60 South. 815, Ann. Cas. 1915C, 888. The opinion and conclusion of a witness are not admissible, where the jury, acting as such, is equally capable with the witness of forming an opinion or conclusion from the facts to which the witness may testify. 3 Ency. Ev. 662; 130 Ala. 361, 30 South. 358; 124 Ala. 451, 27 South. 518; 124 Ala. 514, 27 South. 447; 124 Ala. 621, 27 South. 508; 97 Ala. 37, 12 South. 164, 38 Am. St. Rep. 145; 90 Ala. 602, 8 South. 858, 24 Am. St. Rep. 844; 135 Ala. 422, 33 South. 335; 135 Ala. 141, 33 South. 36.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It is permissible to ask witness if appliances found in the possession of defendant are suitable to be used in the manufacture of liquor. 207 Ala. 329, 93 South. 499; 207 Ala. 453, 93 South. 501. It is within the discretion of the court to allow leading questions, when a witness appears unwilling. Mich. Ala. Dig. 1143; 82 Fla. 338, 90 South. 36. It is within the discretion of the court to permit questions seeking to develop sincerity or bias of a witness. 15 Ala. App. 7, 72 South. 593.

BRICKEN, P. J. [1] This defendant was tried under an indictment containing five counts. The jury returned a verdict of guilty under the third count, which charged that he did distill, make, or manufacture an alcoholic liquor or beverage commonly known as

moonshine whisky, etc. This verdict operated as an acquittal of the charges contained in the other four counts of the indictment.

On this appeal it is insisted that the court committed error in several of its rulings upon the testimony; also in certain statements made to the jury in the oral charge.

[2] The exception to the statement made by the court in the oral charge is without merit. It was not only within the power of the court to propound questions to witnesses, but if justice required, or if it appeared necessary, it was the duty of the court so to do, and such action upon the part of the court cannot be construed as an aid to the prosecution or as being prejudicial to the substantial rights of the defendant. It appears that the statement by the court complained of was in response to and in explanation of certain intimations made to the jury by defendant's counsel in argument to the jury, and in this there was no error.

[3] As to the charge of distilling, making, or manufacturing the liquor in question, for which the defendant was convicted, there was evidence adduced by the state which tended to show that the defendant was caught in the very act of making rum or moonshine whisky; this he denied most strenuously, and by his own testimony and that of his several witnesses he undertook to prove an alibi. It follows therefore that this conflict in the testimony presented a question for the determination of the jury.

[4] Several rulings of the court upon the testimony, insisted upon as error, need not be considered, as they relate solely to matters contained in counts 1, 2, 4 and 5 of the indictment, under all of which the defendant was found not guilty. If any errors were committed in the rulings of the court upon the testimony which related solely to the charges contained in these counts, it could not effect a reversal of the judgment of conviction under count 3 of the indictment. However, in the recent case of Griggs v. State (Ala. App.) 93 South. 499,[1] and Ex parte State ex rel. Attorney General (Griggs Case, supra), 207 Ala. 453, 93 South. 501, similar insistencies of error have been decided adversely to the contention of appellant here.

[5, 6] State witness Jasper Woodham, without objection. testified that he had a conversation with the defendant, in which defendant told him he would give witness $2 a day to come to court and swear that he (witness) and defendant were fishing or hunting. And in order to fix the time. the solicitor was permitted, over the objection of the defendant, to ask the witness:

"When? Fishing or hunting when, at the time he is said to have been with the still?"

The defendant objected to this question on the ground that it is leading. The court replied:

[1] 18 Ala. App. 467.

"He looks like he is a little refractory, and I'll let him lead him."

In this ruling the court acted within its discretion, and no abuse of such discretion appears. Thomas v. State, 11 Ala. App. 85, 65 South. 863; Williams v. State, 18 Ala. App. 218, 90 South. 36. The witness was then asked:

"When did he say he wanted you to swear you was with him hunting or fishing?"

This question was not subject to the objection interposed. The witness answered:

"On the night he was supposed to be caught making whisky."

There was no error in overruling the motion to exclude this answer. It was admissible, as it tended to show that the defendant undertook to fabricate evidence upon which to predicate his defense, and this fact would be admissible for the purpose of showing a consciousness of guilt. Facts showing or tending to show a consciousness of guilt are always permissible, though not connected with the res gestæ of the offense. Any statement or conduct of a person indicating a consciousness of guilt, where at the time or thereafter he is charged with or suspected of crime, is admissible as a circumstance against him on his trial. Montgomery v. State, 17 Ala. App. 469, 86 South. 132.

[7, 8] In explanation of the testimony of witness Jasper Woodham, the defendant without objection was allowed to show that the alleged statement or offer made by him (defendant) to this witness had reference to a civil suit, and not to the case then on trial. There was no error in sustaining the state's objection to the question asked defendant on direct examination: "You did have trouble keeping your witnesses here in that civil suit, didn't you?" In the first place, this called for a self-serving conclusion or declaration upon the part of defendant. But if this was not so, the defendant could suffer no injury in this connection, as he was immediately thereafter permitted to testify without objection:

"This man [Jasper Woodham] is one of the witnesses I had trouble with in keeping here. He told me if he didn't get his pay he wasn't coming up there any more. That's my recollection of what passed between me; and that's the case in which I had the trouble with my witnesses."

We find no error of a reversible nature in any of the rulings of the court. The record is also free from error; therefore the judgment of the circuit court appealed from is affirmed.

Affirmed.