(115 So. 849)

**HOLMES v. STATE.** (8 Div. 631.)

Court of Appeals of Alabama. March 20, 1928.

Fred Wall, of Athens, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. In the case of Register v. State, 19 Ala. App. 11, 94 So. 778, this court stated:

"It was not only within the power of the court to propound questions to witnesses, but if justice required, or if it appeared necessary, it was the duty of the court so to do, and such action upon the part of the court cannot be construed as an aid to the prosecution or as being prejudicial to the substantial rights of the defendant."

The above excerpt is in line with well-recognized legal authorities which hold that, with certain exceptions, no rule of law exists which limits the power of a judge in a criminal trial to interrogate a witness during his examination. He may ask any question which either the state or the accused had the right to ask, or which it was their duty to ask, but which has been omitted, if the answer may be relevant. But the court should be very careful to let fall no remarks, and to put no questions, which assume the prisoner's guilt, for experience teaches all persons that jurors, particularly in evenly balanced cases, are extremely prone to be influenced by such

judicial intimations, and to defer to them in rendering their verdict. In other words, the interests of public justice and the punishment and prevention of crime on the one hand, and principles of fairness toward the prisoner on the other, demand that the presiding judge should not entertain, or, at least, should not manifest, any partiality for or against the accused during the examination of the witnesses. When a witness is examined by the court, the questions put by the court should follow the rules as to form observed on criminal trials. The judicial power to examine a witness should be carefully exercised so as not to prejudice the accused, and questions by the court which assume the prisoner's guilt, or which assume the witnesses are testifying falsely, or which give to the jury the impression that the court has determined that the accused is guilty, furnish a basis for a reversal.

■ In the case at bar, it appears that the conviction of this defendant rested upon the testimony of a single witness only, one Pettie Martin Cox. When first placed upon the stand, this witness testified:

"He [defendant] did not sell me a bit of liquor that night."

The court thereupon propounded the following question to the witness:

"Did you get any whisky that night—the night of the fiddlers' contest? A. I don't remember whether I did or not.

"The Court: You don't remember? A. No, sir.

"The Court: You have been before the grand jury? A. Yes, sir.

"The Court: Did you state before the— how old are you, young man? The witness answered, that he is 19 years old.

"The Court: Do you know what an oath is?" To which the witness replied, that he does.

"The Court: Do you know, when you were taking an oath, you were to tell the truth?" To which the witness replied that he does.

The court thereupon propounded the following question: "You know, where a man perjures himself, it is one of the worst crimes?" The witness answered that he does.

"The Court: You were sworn to tell the truth, understand that?" The witness replied that he did.

"The Court: Now, when he (indicating the solicitor) asks you a question, you answer the question, and answer truthfully."

Objections were interposed and exceptions reserved, and to this last question or admonition by the court the defendant objected to the instructions of the court and to the questions relative to the witness understanding what perjury is. The court replied, "Yes," to which the defendant reserved an exception. The court thereupon inquired of the witness if he got any whisky that night, to which the witness replied that he thought he drank a little whisky, but he did not remember who gave it to him. The solicitor then asked him: "Did you tell me in that room (indicating) when you went out there Roy (defendant) brought you a bottle of whisky?" Witness replied he thought so. Whereupon the court stated to witness: "Why don't you tell it?" and said, "I didn't mean to say so much to you a while ago, but you must tell the truth while you are on the stand." After the above occurrences, which are copied from the record, the witness finally stated that "Roy Holmes delivered to him a bottle of whisky, but that he didn't know the size of the bottle."

It is apparent that the witness Cox was either an unwilling witness or a very ignorant one, and that the court felt impelled to resort to drastic measures in order that justice might not be perverted. We are constrained to hold, however, that in these several matters complained of the substantial rights of the defendant were unduly prejudiced, and that his constitutional right to a fair and impartial trial was impaired to the extent that a reversal of the judgment of conviction appealed from must of necessity follow.

■■ It has been held that a party may ask his own witness whether he has not previously made statements inconsistent with what he has just stated on the trial. Campbell v. State, 23 Ala. 44. But there is no rule of evidence which allows a party to impeach his own witness; nor is there any rule of evidence which allows the introduction in evidence of a conversation had between the solicitor and a state witness in the absence, and not in the hearing of the defendant. This under the rule of res inter alios acta.

The trial of this case was not in accord with the rules hereinabove announced as to the allowable manner of examination of witnesses. Appellant's insistences in this connection must be sustained.

Reversed and remanded.