(133 So. 57)

## GRAHAM v. STATE.
### 1 Div. 989.

Court of Appeals of Alabama.
Dec. 16, 1930.

Rehearing Denied Jan. 13, 1931.

C. W. Tompkins, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

Appellant was convicted by a general verdict of the jury under an indictment which charged him with the offense of distilling, etc., prohibited liquors; and in the second count, the unlawful possession, etc., of a still to be used for that purpose. The court awarded the minimum punishment under the statute, and from the judgment of conviction, pronounced and entered, this appeal was taken.

The evidence for the state tended to show the active participation of the appellant in the operation of the still in question. The defendant denied that he was engaged in its operation and denied all interest therein or connection therewith. He admitted his presence at the whisky still, which without dispute was shown to be complete and in full operation, with whisky running from the still and about fourteen gallons of the manufactured product in containers, also large quantities of "mash" or "beer" ready to run. This conflict in the evidence made a jury question.

Appellant complains that he was unduly prejudiced by the action of the court wherein the court took charge of the examination of certain witnesses and propounded several questions, and several exceptions were reserved in this connection. In our opinion there was no error committed by the court in so doing. Register v. State, 19 Ala. App. 11, 94 So. 778, 779. In the Register Case this court announced the prevailing and well ac-

cepted rule and stated: "It was not only within the power of the court to propound questions to witnesses, but if justice required, or if it appeared necessary, it was the duty of the court so to do, and such action upon the part of the court cannot be construed as an aid to the prosecution or as being prejudicial to the substantial rights of the defendant." There is, of course, a limitation to this prerogative. When a witness is examined by the court, the questions put by the court should follow the established rules, and such judicial power to examine a witness should be carefully exercised so as to not prejudice the accused or invade his substantial rights. See Holmes v. State, 22 Ala. App. 373, 115 So. 849.

There was no error in any of the rulings of the court upon the cross-examination of state witness Lee, and the exceptions reserved in this connection cannot be sustained. A discussion of these points of decisions will be found in a companion case to the one at bar. Roster Havens v. State, post, p. 288, 134 So. 814.

Appellant complains in brief that the court, upon this trial, committed error by qualifying or restricting a certain written charge given at the request of defendant. This point of decision is not presented. While the record does state that a written charge was requested by the defendant and was given, yet no written charge is incorporated in any part of this transcript, nor does any improper statement by the court as to a written charge appear. We can only pass upon questions that are properly presented.

Affirmed.