The appellant, Charles Gary Johnston, was convicted in the Recorder's Court of the City of Birmingham on a complaint charging assault and battery. He appealed to the Circuit Court of Jefferson County for a de novo jury trial. The jury returned a verdict of guilty and fixed a fine of $200. The trial judge imposed as additional punishment a four-month term in the city jail. This appeal is from the conviction in circuit court.
The single question presented is whether the trial judge prejudiced the appellant during the course of the trial by questioning a defense witness. Our conclusion is that he did not and we affirm the conviction.
The victim of the assault and battery was Brian Lindsey. The evidence was that while Lindsey and a companion, Daryl Wideman, were traveling along a Birmingham street on July 18, 1975, the appellant shouted to them from a car stopped at an intersection. Lindsey stopped his car and the appellant accused him of speeding. Lindsey responded that he was not speeding and that the appellant should mind his own business. The appellant got out of his car armed with a broomstick and attacked Lindsey. A fight ensued which left the appellant on the ground. Lindsey and Wideman fled in Lindsey's car. They were pursued by the appellant and his companion. The companion drove and the appellant sat on the passenger's side with a shotgun extended out the window. The two cars traveled at high speeds through stop signs and traffic lights until finally the Lindsey car escaped unnoticed onto a side street, but not before buckshot had shattered the back glass of the car, penetrated the driver's head rest, and caused Lindsey slight personal injury.
Approximately three or four weeks later, Lindsey saw the appellant and recognized him as the assailant, thus leading to the appellant's arrest. At the trial, the appellant was identified by Lindsey, Wideman, and a witness who had observed a portion of the chase.
The appellant entered a plea of not guilty and offered evidence seeking to prove that he was not the assailant. In support of this contention, he attempted to show that within less than a week after the crime Lindsey came into the repair shop where he worked but that Lindsey did not identify him at that time as being the assailant. The appellant called as a witness, Jerry Brasfield, a fellow employee at the repair shop. Brasfield testified that during the latter part of July, 1975, Lindsey brought his car with a shattered back glass into the shop for repair. At that time the appellant was in Lindsey's presence and within his field of vision, but Lindsey showed no reaction to the appellant's presence.
After defense counsel and the prosecutor had examined the witness Brasfield, the trial judge asked the witness a series of questions as follows:
 "THE COURT: Let me ask a couple of questions. On that day or the next day or — Yes, on that day or the next day, did you talk with the defendant, Mr. Johnston, with reference to Brian — whatever his last name is — Lindsey? Did you point Lindsey out to him or did he point Lindsey out to you or was there any talk between you both about Lindsey?
"A Yes, sir.
 "THE COURT: Did the defendant, Mr. Johnston, know Lindsey?
"A No, never seen him.
 "THE COURT: He's never seen him but he pointed him out to you?
"A I misunderstood you. *Page 9 
 "THE COURT: Maybe you might have. I want to know on the day this occurred or the day after or the day after that did the defendant, Mr. Johnston, point out or comment to you that Lindsey was in there?
 "A The day we fixed his glass, right? "THE COURT: Yes, or the day after you fixed his glass. Did the defendant say to you, well, Lindsey was in here? Did he talk to you about Lindsey?
"A No.
 "THE COURT: When did you next see Lindsey after the glass was fixed?
"A After I fixed the glass, I left.
 "THE COURT: When did you next see Lindsey after the glass was fixed?
"A After I fixed the glass, I didn't see him.
 "THE COURT: You have never seen him since? Until today?
 "A I have seen him when he pulled his car in. After I fixed the glass, I left the shop.
 "THE COURT: When did you next see Lindsey who testified today?
"A Three or four months.
"THE COURT: And that is the first time since?
"A Right.
 "THE COURT: And you now tell us that this man who stood in the door was the man you saw back in July or the first part of August?
"A Right.
 "THE COURT: Have you talked to this defendant at anytime today about this man, or identifying this man today?
"A No.
"THE COURT: That's all."
At the conclusion of the judge's questioning, the appellant moved for a mistrial, and the motion was denied.
The appellant contends that the manner in which the trial judge questioned the witness cast doubt upon the credibility of the witness and constituted an improper expression of the judge's opinion about the evidence. Clearly, it is improper for a trial judge to make known to the jury his opinion of the evidence. The trial judge should be very careful not to make any remark or ask any question which assumes the accused's guilt, for jurors are prone to weigh heavily such judicial comment. Holmes v. State, 22 Ala. App. 373, 115 So. 849 (1928);Dennison v. State, 17 Ala. App. 674, 88 So. 211 (1921).
However, a trial judge is more than a mere moderator. It is his duty to conduct an orderly trial and to make certain as far as possible that there is no misunderstanding of the testimony of the witnesses. He may ask any question which would be proper for the prosecutor or defense counsel to ask so long as he does not depart from a standard of fairness and impartiality.Holmes, supra.
The questions of the trial judge in this case were not unfair. They did not assume the appellant's guilt or divulge the judge's opinion of the evidence. If any juror construed the questions as an expression of the judge's opinion, that impression should have been dispelled by the judge's instruction to the jurors that nothing he had said or done throughout the trial should be viewed by them as an indication of his opinion about the evidence.
The appellant received a fair trial free of prejudicial error and the conviction is affirmed.
The foregoing opinion was prepared by Honorable Randall L. Cole, Circuit Judge, temporarily on duty on the Court of Criminal Appeals pursuant to subsection (4) of § 38, Title 13, Code of Alabama 1940, recompiled 1958; the Court has adopted his opinion as its own.
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur. *Page 10