This is a petition by the State of Alabama to review a decision of the Court of Criminal Appeals which reversed a murder conviction and remanded the case to the trial court for a new trial.
Respondent Phillip Richardson was convicted in the Circuit Court of Randolph County of first degree murder and was duly sentenced to life imprisonment. He appealed and the Court of Criminal Appeals overturned his conviction on the grounds that certain questions posed by the trial judge to him had a prejudicial effect on his plea of self defense. This Court granted certiorari, and after carefully examining the opinion of the Court of Criminal Appeals, the briefs of the parties, and the trial record for a better understanding of the facts, we affirm.
The judges on the Court of Criminal Appeals were not in agreement that the conduct of the trial judge was prejudicial. It was primarily because of that fact that we granted the State's petition for certiorari to determine whether the principles of Holmes v. State, 22 Ala. App. 373, 115 So. 849
(1928), which sets forth the applicable standard for judicial questioning of a witness in a case, were followed. Holmes, citing Register v. State, 19 Ala. App. 11, 94 So. 778 (1922), states:
 It was not only within the power of the court to propound questions to witnesses, but if justice required, or if it appeared necessary, it was the duty of the court so to do, and such action upon the part of the court cannot be construed as an aid to the prosecution or as being prejudicial to the substantial rights of the defendant.
In the interest of justice, a trial judge is given the authority to pose questions to a witness for the purpose of clarifying the issues for the jury's consideration and to aid in the orderly conduct of the trial process. This is a long-observed rule. See Johnston v. City of Birmingham,338 So.2d 7 (Ala.Cr.App. 1976). *Page 298 
Applying the rule to this case, however, and in view of the fact that the trial judge put his questions to the accused after the direct examination of defense counsel, but before the District Attorney had cross examined him, we are of the opinion that the Court of Criminal Appeals could have found that the trial judge's conduct crossed the line into the area of impermissible conduct. Even though the questions posed by the trial judge did not assume the accused's guilt, the Court of Criminal Appeals, from a full review of the record, could have concluded that the judge's conduct in this case was prejudicial. In affirming the Court of Criminal Appeals, we do not necessarily agree with that portion of the opinion of the Court of Criminal Appeals which states: "`anchor sure and steadfast' was torn asunder and left in shambles by the conduct of the trial judge," but we do agree that the Court of Criminal Appeals could have found from the record in this case that prejudicial error did occur.
The judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.