524 So.2d 375 (1986)
John Charles McNEELY
v.
STATE.
6 Div. 629.
Court of Criminal Appeals of Alabama.
November 12, 1986.
On Return to Remand April 12, 1988.
*376 Albert C. Bowen, Jr., and James M. Fullan, Jr., of Beddow, Fullan & Vowell, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen., and J. Elizabeth Kellum, Asst. Atty. Gen., for appellee.
McMILLAN, Judge.
The appellant, John Charles McNeely, was found guilty of the offense of sexual abuse in the first degree, in violation of § 13A-6-66, Code of Alabama (1975). He was sentenced to 14 years' imprisonment, pursuant to § 13A-5-9(b)(1), Code of Alabama (1975).
The main issue raised by the appellant on this direct appeal concerns the effectiveness of his trial counsel. The allegations are those commonly raised by a petition for writ of error coram nobis and represent accusations which the trial defense counsel has not had the opportunity to answer. According to Ex parte Thompson, [Ms.84-305, September 27, 1985] ___ So.2d ___ (Ala.1985), "the Court of Criminal Appeals has authority to remand a case, if it determines justice would require it, to the trial court for a determination to be made on the defendant's claim that he was inadequately represented at his trial." (Emphasis provided.) "Because of the nature of those allegations and in an attempt to settle this issue as soon as possible, we remand this cause to the circuit court with directions that an evidentiary hearing be held on the issue of the competency of appointed counsel." Delevie v. State, 454 So.2d 1044, 1048 (Ala.Cr.App.1984). The trial court shall make written findings of fact on this issue and forward these findings, along with the transcript of the proceedings, to this court for review.
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
The appellant, John Charles McNeely, was found guilty of the offense of sexual abuse in the first degree, in violation of *377 § 13A-6-66, Code of Alabama (1975). He was sentenced to a term of 14 years' imprisonment on the basis of two prior convictions.

I
The appellant argues that he suffered material prejudice because his trial attorney "failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." This cause was remanded to the trial court for an evidentiary hearing on the issue of the competency of the trial counsel because of the nature and the number of alleged instances of impropriety by the appellant's trial attorney. The trial court conducted the hearing and in accordance with the remand forwarded a transcript of the proceedings, along with its findings of fact on this issue. The appellant has failed to prove that "but for" his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Without reaching any determination as to the reasonableness of the strategy of the appellant's counsel at trial, we note that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland v. Washington, supra, 466 U.S. at 691, 104 S.Ct. at 2066. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id., 466 U.S. at 700, 104 S.Ct. at 2071.

II
The appellant argues that the trial court committed reversible error in denying him access to a tape recording which the trial court sealed and placed in the record. The tape recording contained a conversation between the nine-year-old victim and her mother. The trial court issued an order for discovery. Thereafter, the appellant filed a written request for compliance with the discovery order. The record indicates that prior to voir dire and jury selection, the trial judge inquired as to the whereabouts of the tape, in order to listen to the tape and determine whether it contained any exculpatory material. Thereafter, the trial judge retired to his office in order to listen to the tape and, upon returning to the courtroom, stated that there was nothing exculpatory contained in the tape. The appellant now complains that neither he nor his trial counsel nor his counsel on appeal has been allowed to listen to the tape in order to determine whether any of its contents could have been used to impeach the victim.
The trial court determines the admissibility of non-disclosed evidence as it may be "pertinent to the issue of the innocence or guilt of the accused." Brady v. Maryland, 373 U.S. 83, 90, 83 S.Ct. 1194, 1198, 10 L.Ed.2d 215 (1963). Furthermore, the United States Supreme Court has established the court's role in determining the materiality of non-disclosed evidence. See United States v. Agurs, 427 U.S. 97, 106, 96 S.Ct. 2392, 2398, 49 L.Ed.2d 342 (1976). An in camera hearing is an appropriate means for the trial court to examine such evidence. United States v. Gaston, 608 F.2d 607 (5th Cir.1979). This court has listened to the tape and finds that it contains no exculpatory material and, thus, that the trial court did not abuse its discretion.
"The evidence suppressed must have been material, probative, vital and exculpatory to the accused. A new trial is required only if the evidence undisclosed could, in any reasonable likelihood, have affected the judgment of the jury. In United States v. Agurs, [427 U.S. 97, 96 S.Ct. 2592, 94 L.Ed.2d 342 (1976)], the United States Supreme Court stated that the correct rule is that a constitutional error has occurred if the omitted evidence creates a reasonable doubt that did not otherwise exist and that the omission must be evaluated in the context of the entire record." (Footnotes omitted.)
C. Gamble, McElroy's Alabama Evidence, § 290.05(2) (3d ed. 1977).
*378 Although the appellant further complains that the appellant's counsel had been attempting to get this tape for months, "`[t]he principle of Mooney v. Holohan, [294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935),] is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused.' Brady, 373 U.S. at 87, 83 S.Ct. at 1197." State v. Kimberly, 463 So.2d 1106, 1108-09 (Ala.Cr. App.), reversed, Ex parte Kimberly, 463 So.2d 1109 (Ala.1984).
"In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held, that `the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.' 373 U.S. at 87, 83 S.Ct. at 1196-97, 10 L.Ed.2d at 218." (Emphasis added.)
Robinson v. State, [Ms. 1 Div. 53, October 14, 1986] (Ala.Cr.App.1986).

III
The appellant argues that the State failed to introduce evidence to prove the material averments of the indictment. Specifically, the appellant contends that the State failed to prove that he was 16 years or older when committing the sexual contact. However, this court has interpreted the legislative intent in denominating the perpetrator as being 16 years old or older in crimes involving carnal knowledge as making the appellant's immaturity a defense. Potts v. State, 426 So.2d 886, 894 (Ala.Cr.App.1982), affirmed, 426 So.2d 896 (Ala.1983). Thus, the State had no burden to prove that the appellant was at least 16 years of age; however, this age requirement was available to the appellant for purposes of a defense. The affidavit contained in the record indicates that the appellant was born on May 29, 1944, and was 39 years old when charged with the offense. The case action summary also contains the appellant's date of birth.

IV
The appellant argues that the trial court committed reversible error "by interjecting itself into the trial of the case with ex mero motu remarks before the jury." In his brief, the appellant raises several instances of judicial comments which he argues were improper. During the cross-examination of a State's witness, and in each instance prior to any objection from the State, the trial judge made the following statements:
"THE COURT: Haven't we been over that? Hasn't she answered that question?
". . . .
"THE COURT: She's already answered that question.
". . . .
"THE COURT: Why investigate that incident? That doesn'tthat's in a divorce case. That hasn't got anything to do with this thing."
Subsequently, during the cross-examination of another State's witness, the court stated: "We aren't going into this. We have had hearsay so long I'm hearsaid out." The appellant further complains that, during the cross-examination of the nine-year-old victim, while his counsel was allegedly having a difficult time "with the witness not being responsive," the court stated to the victim, "You do your best, ... and answer the questions. You're doing fine as silk. You keep going." Thereafter, during the cross-examination of the victim, she responded "I don't remember" on several occasions, whereupon the defense counsel asked, "Are you having a little trouble with your memory today?" The court stated, "Mr. Allen, that ain't going to work in this case."
The defense counsel during the direct examination asked, "Approximately, the first few months when you were married to Mr. McNeeley and in your presence did [the victim] ever show any objection to little Harry calling John [the appellant] Daddy?" Prior to any objection from the State, the court stated, "I think that's immaterial. What's that got to do with this? Harry belongs to somebody else."
*379 The trial court told the jury before recess for the day, "You're going to be the first and I hope the last jury that will ever hear this case."
The appellant raises other instances during which, before any objection was raised by the prosecution, the trial court intervened on the grounds that the questions were repetitive or immaterial.
Last, the appellant complains that the trial court's actions were improper when, following the direct, cross-, redirect, and re-cross-examination of a psychiatrist who testified for the defense, the following occurred:
"THE COURT: ... Dr. Kulik, as a psychiatrist, of course, one of your most important functions is to determine whether people are being sincere with you or telling the truth, right?
"THE WITNESS: Right.
"THE COURT: Without knowing you wouldn't be able to judge?
"THE WITNESS: Right.
"THE COURT: I don't know to whom you answered. You said she brought the thing, she brought the issue. She initiated the conversation on this subject matter, right?
"THE WITNESS: Yes, sir.
"THE COURT: And you said it came too easy. I think one of the lawyers just asked you was it programmed and something like that. When all and all was sized up what was your judgment as to whether or not you were getting a sincere answer or manufactured answers or truthful answers or untruthful answers? Just tell me what you think, whether all this business that she was, you say, talking about it came easy, she initiated the issue and so on, whether she had been programmed or not? I just want your thoughts as a psychiatrist interviewing this child, whether this which she told you was part true, all true. I understand you don't know for sure, none of us do. What was your impression with reference to truthfulness or sincerity?
"THE WITNESS: Partially true.
"THE COURT: Partially true?
"THE WITNESS: Yes.
"THE COURT: I don't have any more."
The appellant's counsel did not object to any of the questions asked by the trial court to the psychiatrist, and, in the absence of an objection and adverse ruling, this court has nothing before it to review. Wesley v. State, 481 So.2d 1155, 1161 (Ala. Cr.App.1985), rev'd on other grounds, Ex parte Wesley, 481 So.2d 1162 (Ala.1985) on remand, 481 So.2d 1163 (Ala.Cr.App.1985). Even if this issue had been preserved, the trial court committed no error.
"The accepted rule is that a trial judge `may ask any question which would be proper for the prosecutor or defense counsel to ask so long as he does not depart from a standard of fairness and impartiality.' Sprinkle v. State, 368 So. 2d 554, 562 (Ala.Cr.App.1978), cert. quashed, 368 So.2d 565 (Ala.1979). `He may ask any question which either the state or the accused had the right to ask, or which it was their duty to ask, but which has been omitted, if the answer may be relevant.' Holmes v. State, 22 Ala.App. 373, 115 So. 849 (1928). While `questions by the court which assume the prisoner's guilt, or which assume the witnesses are testifying falsely, or which give the jury the impression that the court has determined that the accused is guilty, furnish a basis for a reversal,' Holmes v. State, 22 Ala.App. 373, 374, 115 So. 849 (1928), the trial judge has a `solemn and sacred duty' to the development and establishment of the truth `and in this connection it is always permissible for the court, and if it appears necessary for him to do so, it is his duty, to propound to witnesses such questions as it is deemed necessary to elicit any relevant and material evidence, without regard to its effect, whether beneficial to the one party or the other.' Brandes v. State, 17 Ala.App. 390, 391, 85 So. 824 (1920), relying on Beal v. State, 138 Ala. 94, 35 So. 58, 59-60 (1903). See also Richardson v. State, 403 So.2d 297 (1981); Jones v. State, 292 Ala. 126, 128, 290 So.2d 165 (1974); Rice v. Hill, 278 Ala. 342, 343, 178 So.2d 168 (1965)." *380 Moore v. State, 502 So.2d 882 (Ala.Cr.App. 1987). Furthermore, these questions were not prejudicial to the appellant. Wesley v. State, supra, at 1161. See also Duncan v. State, 455 So.2d 291, 292 (Ala.Cr.App.1984).
The defense counsel raised no objections to any other remarks made by the trial judge. "If there are no objections to allegedly prejudicial remarks by the trial court, the remarks are not subject to review unless they are grossly improper." Miles v. State, 476 So.2d 1228, 1235 (Ala. Cr.App.1985). "Each case of allegedly improper remarks by a trial judge must be judged on its own peculiar facts. Oglen v. State, 440 So.2d 1172, 1175-76 (Ala.Cr. App.), cert. denied, Ex parte Oglen, 440 So.2d 1177 (Ala.1983); James v. State, 337 So.2d 1332, 1341 (Ala.Cr.App.1976)." Gamble v. State, 480 So.2d 38, 40 (Ala.Cr. App.1985). Even if a trial judge's statements are erroneous, "`[i]t cannot be seriously contended that every expression of opinion by the court, during the progress of the trial, ... shall furnish ground for reversal.' Lang v. State, 279 Ala. 169, 170, 182 So.2d 899 (1966)." Gamble v. State, supra, at 40. "`Remarks by the trial judge may be open to criticism, but they are not error unless they have affected the result of the trial.'" Towns v. State, 494 So.2d 798, 800 (Ala.Cr.App.1986), quoting Cox v. State, 489 So.2d 612 (Ala.Cr.App.1985). See also McCovery v. State, 365 So.2d 358 (Ala.Cr.App.1978).
"`To constitute error the judge's actions viewed as a whole must amount to intervention which could have led the jury to a predisposition of guilt by improperly confusing the functions of judge and prosecutor.... A venerable line of cases indicates judicial intervention must be qualitatively and quantitatively substantial to meet this test....' United States v. Robinson, 687 F.2d 359 (1982) (citations omitted)."
Sasser v. State, 494 So.2d 857, 861 (Ala.Cr. App.1986). The record has been closely examined and based thereon this court cannot find that the trial judge's conduct constituted error. See also Freeman v. State, 453 So.2d 776, 778 (Ala.Cr.App.1984).

V
The appellant argues that the trial court committed reversible error in overruling several of his objections and in sustaining objections by the prosecutor. The appellant complains of four instances in which he argues the trial court erred as to its rulings. The appellant alleges that the trial court erred in denying him the right to question the victim's mother concerning claims of adultery committed by her while she was married to the appellant. The appellant further argues that such questioning was important to develop his defense that the child was programmed by her mother to make the instant claims against appellant because her mother was bitter over the divorce. The appellant concedes that the trial court "agreed that defense had a right to show bias and prejudice and to show that she had a right to tell the child to say these things." The trial court ruled that the appellant could bring out the fact that the appellant got custody of the child, but refused to allow the appellant to "get into the adultery business."
The appellant also argues that the trial court erred in not allowing defense counsel to ask the deputy sheriff who had investigated this case questions concerning a prior warrant which had been sworn out against the appellant by the victim and subsequently dropped. The trial court ruled that those matters were irrelevant to the instant case. The court also ruled that any questions concerning what the victim had told the deputy sheriff concerning the previous warrant were inadmissible as hearsay.
The appellant further contends that the trial court erred in sustaining the prosecutor's objection to the defense counsel's question of a retired police officer who was asked to describe the victim's demeanor. The trial court sustained the prosecutor's objection on the grounds that such a question called for a conclusion.
Last, the appellant argues that the trial court erred in overruling his objections to several of the prosecutor's initial questions to Mary Franklin, a deputy sheriff who had investigated this case. The two questions *381 objected to were: "Have you talked to a large number of children who have been victims of sexual abuse?" and "On occasions have you had follow-up interviews with abused children?" The trial court overruled defense counsel's objections, stating that the questions were proper to establish the witness's credentials.
"What is relevant is a matter ordinarily within the discretion of the trial court. Unless such discretion is abused, it will not be considered error on appeal. Costarides v. Miller, 374 So.2d 1335 (Ala. 1979); Ott v. Fox, 362 So.2d 836 (Ala. 1978); Donaldson v. Buck, 333 So.2d 786 (Ala.1976); State Farm Mutual Auto Ins. Co. v. Humphres, 293 Ala. 413, 304 So.2d 573 (1974); Alabama Music Co. v. Nelson, 282 Ala. 517, 213 So.2d 250 (1968)."
Dawkins v. State, 455 So.2d 220, 222 (Ala. Cr.App.1984).
The trial judge was in the best position to determine the relevancy of these matters. Wicker v. State, 433 So.2d 1190, 1198 (Ala.Cr.App.1983). The trial judge was best suited to determine whether or not these matters served to confuse the issues or were too remote. C. Gamble, McElroy's Alabama Evidence § 21.01(6) (3d ed. 1977).

VI
The appellant argues that the cumulative effect of all the alleged errors committed by the trial court and the appellant's trial counsel denied him a fair and impartial trial. However, the right to a fair trial is not a guarantee to a trial free of error. This court cannot find that the cumulative effect of the errors committed in this trial "`created such an ineradicable prejudice and bias against the appellant' that he was deprived of a fair and impartial trial." Wilhite v. State, 485 So.2d 777, 786 (Ala. Cr.App.1985), affirmed, Ex parte Wilhite, 485 So.2d 787 (Ala.1986).
AFFIRMED.
All the Judges concur.