TYSON, Judge.
The appellant was indicted for two counts of second degree rape in violation of § 13A-6-62, Code of Alabama 1975. He was found “guilty as charged in the indictment” and given a 10-year sentence, 3 years to be served in prison. The appellant raises 4 issues on appeal. In light of our resolution of the issue addressed herein, *1361 we find it unnecessary to address the other issues raised in the appellant’s brief.
The appellant contends that his conviction is due to be reversed and that he is entitled to a new trial because, he argues, the trial judge’s examination of one of the appellant’s witnesses substantially prejudiced his case and denied him a fair trial. The record reveals that the following occurred immediately after the State’s cross-examination of Vincent Powell:
“BY THE COURT:
“Q. How old are you?
“A. Nineteen.
“Q. Have you discussed this case with Mr. Harris?
“A. No, sir.
“Q. I’m talking about the defendant, Mr. Harris?
“A. No, sir.
“Q. Have you talked about it at all?
“A. No, sir.
“Q. Have you ever asked him whether or not he had intercourse with [the victim]?
“A. Yeah — No. She had told me to ask him because I asked her. And—
“Q. I’m asking you have you ever discussed that fact with him?
“A. No, sir.
“Q. You never asked him.
“A. I never asked him.
“Q. Has he ever said anything to you about it?
“A. No, sir.
“THE COURT: Any other questions?”
(R. 170-71.) After redirect and recross examinations were conducted, the trial judge further questioned the witness as follows:
“BY THE COURT:
“Q. Mr. Powell, let me make sure I understand you now.
On how many occasions have you discussed this case with [the victim]?
“A. Well, she discussed it all the time in class because I had her second period for P.E. and that’s all.
“Q. How much older are you than she is?
“A. I don’t know how old she is.
“Q. Y’all aren’t in the same grade, are you?
“A. Huh-uh. She’s a grade behind me.
“Q. All right. But you discussed this case with her?
“A. Yes, sir.
“Q. Are you friends with her?
“A. I’m friends with her too.
“Q. Are you friends with Mr. Harris?
“A. I’m friends with him too.
“Q. All right. On how many occasions have you discussed this case with him?
“A. I haven’t discussed it with him.
“Q. You’ve never discussed it with Mr. Harris?
“A. No, sir.
“Q. Prior to today, you’ve never discussed it?
“A. I never discussed it until today.
“Q. Did you ever ask him any questions?
“A. No, sir.
“Q. How were you called upon to testify — to get down here and testify today.
“A. Well, he had asked me because he [knew] that I knowed [sic] her very well because I used to talk to her. And she used to come in the park. That’s the only person she’ll come to is me and talk to me.
“Q. Did you tell him what you were going to testify to today?
“A. No, sir.
“Q. Now, Mr. Powell, I want to remind you now. You are under oath.
“MR. WILLIAMS: [Defense counsel] Your Honor, I object to this.
“THE COURT: Well, Mr. Williams, I want to remind this young man he’s under oath and when I ask him questions—
“MR. WILLIAMS: I understand. Well, I’d like to take something up out of the presence of the jury.
“THE COURT: All right, sir. We’ll take it up in just a moment.
“Q. Now, I’m asking you, have you ever discussed this case with the defendant at all?
*1362 “A. No, sir. I ain’t never discussed the case at all.
“Q. And that is your testimony?
“A. Yes, sir. Until yesterday when he called me.
“Q. And what was said yesterday?
“A. Only thing was said yesterday was me — and Well, he said — he had asked me that didn’t I know [the victim]. And I told him I [knew] her very well, because that’s all — you know, that’s all she used to talk to me was. And he said would you like to be one of my witnesses.
“Q. And what else was said?
“A. Then he — And then he said I need you to come down here to see my lawyer.
“Q. This was all yesterday?
“A. Yes, sir.
“Q. Prior to that time, had he discussed it with you?
“A. That's all."
(R. 173-76) (emphasis added). The trial judge asked a few more questions and then further redirect and recross examinations were conducted by the attorneys. When the recross examination was concluded, the trial judge questioned the witness again. After the witness concluded his testimony, the objection was discussed out of the jury’s presence.
We first note that this issue was properly preserved for review. Even if the issue had not been preserved, however, we have previously held that “when a trial judge propounds questions to a witness which are improper and extremely prejudicial to the accused, an objection is not necessary if instructions by the trial court could not erase the prejudicial impact of the questions from the jury’s mind.” Wilson v. State, 461 So.2d 918, 921 (Ala.Crim.App.1984).
It has long been recognized that the trial judge has the right to ask witnesses questions, when deemed necessary, to elicit relevant and material evidence. See Berry v. State, 408 So.2d 548 (Ala.Crim.App.1981), cert. denied, 408 So.2d 551 (Ala.1982); Sprinkle v. State, 368 So.2d 554 (Ala.Crim.App.1978), cert. quashed, 368 So.2d 565 (Ala.1979); Satterwhite v. State, 364 So.2d 345 (Ala.Crim.App.1977), rev’d. on other grounds, 364 So.2d 359 (Ala.1978). In conducting such examinations, however, the trial judge must not depart from a standard of fairness and impartiality. Berry; Sprinkle.
“The judicial power to examine a witness should be carefully exercised so as not to prejudice the accused, and questions by the court which assume the prisoner’s guilt, or which assume the witness is testifying falsely, or which give the jury the impression that the court has determined that the accused is guilty, furnish a basis for reversal.”
Holmes v. State, 22 Ala.App. 373, 374, 115 So. 849 (1928) (emphasis added). See also Wilson.
Our review of the record leads us to conclude that although the first series of questions asked by the trial judge did not constitute error, the court’s admonishment to the witness in the midst of several questions that the witness had previously answered that he was under oath constituted error. The record reveals that during the first series of questions the trial judge directly or indirectly asked the witness six times whether he had discussed the case with the appellant. During the trial judge’s second examination of the witness he asked the witness the same question or a similar question five additional times before reminding the witness that he was under oath. After the appellant’s objection, the trial judge asked a similar question three more times. The witness repeatedly testified that he had not discussed the case with the appellant. The cumulative effect of the initial repetitive questions followed by the trial judge’s comment and then continued repetitive questions prejudiced the appellant. The clear implication of the trial judge’s questions and comment was that the witness was not telling the truth. Thus, the trial judge improperly invaded the province of the jury. See, e.g., Wilson. In light of the whole record, we cannot consider the error to be harmless. The witness disputed important elements of the victim’s testimony *1363 and corroborated at least one important element of the appellant’s testimony.
For the reasons set forth above, this case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.