STOKER, Judge.
Plaintiff-appellant Charles A. Batchelor (Batchelor) and his former employer, Firestone Tire & Rubber Company (Firestone) are in dispute as to the amount of the monthly retirement benefits Batchelor should receive. Payment in some amount is due under a union-employer negotiated plan for the payment of disability retirement benefits. Batchelor sustained a job-related inguinal hernia on March 30, 1972.[1] If March 30, 1972, is the date plaintiff is deemed to have become disabled, he will receive a monthly benefit in an amount as contended for by Firestone. Appellant contends that he is entitled to a higher amount because he should be “deemed” disabled at a later date at a time when new pension provisions were in effect.
One pension agreement was in effect from January 1, 1971, to April 12, 1973. Another agreement went into effect from April 12, 1973, to April 12, 1975. Under both plans plaintiff-appellant as a disabled employee would receive a contributory portion of $28.16 monthly. Under the first plan he would receive a non-contributory portion of $109.67. Under the second agreement Batchelor claims the contributory portion would amount to $126.75.
The issue in this case is which plan governs.
Which plan governs is determined by the construction of language which is identical in both plans. The critical language to be construed is the provision relating to “Disability Retirement Date”. The identical provision in question reads:
*297 “An employee’s Disability Retirement Date shall be the first day of the seventh month following the date he is deemed to be totally and permanently disabled.”
The question to be answered in this case is what is the date Batchelor should be “deemed to be totally and permanently disabled”. Appellant argues there are two possible constructions of this language. The following appears in his brief:
“Two possible constructions of this phrase immediately come to mind: 1) that an employee is ‘deemed to be ... disabled” on the day he becomes totally and permanently disabled; or 2) that an employee is ‘deemed to be ... disabled’ on the date that the determination is made that he is totally and permanently disabled. Plaintiff’s position is that the second construction is the proper one, as it is more in keeping with the general rules of law cited hereinabove.”
We disagree with appellant. We hold he should be deemed disabled on the date he became totally and permanently injured. This is the date on which he was injured, March 30, 1972. Therefore, the first plan governs. This is what the trial court held and we affirm.
The factual basis for appellant’s claim that the later date is the date he should be “deemed” disabled is that he reported for work on November 10, 1972, but was found by Firestone’s plant physician to be unable to perform heavy work. In other words, appellant contends that the physician’s act of diagnosing him to be disabled on November 10, 1972, was the deeming referred to; and the date, therefore, was November 10, 1972. Under appellant’s analysis his disability retirement date would be the first day of the seventh month following November 10, 1972.
We hold that Firestone was correct in concluding that appellant’s disability retirement date was the first day of the seventh month following March 30, 1982. Therefore, the first agreement would govern, and the contributory portion of appellant’s retirement benefit should be $109.67.
The trial court found that there was no ambiguity in the plan provision in question. However, the parties to this law suit stipulated that, if the trial court found there was ambiguity, the court could consider the manner in which the provision had been interpreted in the past. For that purpose it was stipulated that in previous cases regarding other employees, retired disability benefits had been paid on the basis of deeming the employee disabled on the last day that the employee worked. We do not find any ambiguity. However, if there is an ambiguity in the plan provision in question, this previous construction put on the provision is legally significant. LSA-C.C. art. 1956 provides:
“Art. 1956. When the intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation.”
While Mr. Batchelor himself may not have been a party to the construction previously put on the provision, his union which negotiated the agreements no doubt was.
A further reason we are influenced to interpret the disability retirement date provision as we have is because of other language appearing in the same paragraph at the beginning of the paragraph. The language we refer to reads:
“An employee shall be deemed to be totally and permanently disabled if (e) he has been totally disabled by bodily injury ..., (f) such total disability shall have been continued for a period of at least six consecutive months, and, in the opinion of a qualified physician designated by the Retirement Committee, will be permanent and continuous during the remainder of his life ... ”.
Clearly the two provisions dovetail and explain the reason why the disability retirement date is fixed as the first day of the seventh month following the date plaintiff first became totally and permanently disabled. The last quoted provision requires a waiting period of six months which is evidently intended to enhance the probability *298 of an accurate and reliable diagnosis of the quality and permanency of the disability. This arrangement presents a discernable scheme in which six months is allowed to establish this disability, and an additional month is allowed for processing and administrative requirements. A construction which would require an additional seven months waiting period after the physician’s diagnosis after the six months waiting period has no logical basis.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.

. Charles A. Batchelor was awarded workmen’s compensation for total and permanent disability as a result of his accident of March 30, 1972, in Batchelor v. Firestone Synthetic Rubber & Latex Co., 309 So.2d 877 (La.App. 3rd Cir.1975), writ refused, 313 So.2d 834 (La. 1975).