Appellant was convicted of burglary in the third degree in violation of § 13A-7-7, Code of Alabama 1975. His range of punishment was enhanced by application of the Habitual Felony Offenders Act, and he was sentenced to 18 years' imprisonment.
The state's evidence tended to show that the appellant, Billy Hagan Bradley, together with Danny Joe Bradley and James Robert Barnes, decided to burglarize a store so they set fire to a vacant house in Piedmont, Alabama, to divert the local authorities. They then proceeded to the Miller Hardware Store, where they effected entry by throwing a large chunk of concrete through the glass. Taken from the store were several handguns, some ammunition and several Timex watches. The following morning a search warrant was obtained upon the affidavit of Police Chief Amberson of Piedmont, and authorities proceeded to a house trailer, where they found the *Page 175 
appellant, his brother Danny, his brother's wife, and James Robert Barnes. In one room they found appellant sitting on a mattress; they also found a watch and a .25 caliber pistol taken from the hardware store the night before lying on the floor by the mattress. A further search of the premises produced two more weapons. Thereafter, Danny Bradley took the officers to a location about six miles from Piedmont, where he showed them other weapons taken in the burglary.
At the trial of the appellant, James Robert Barnes testified as a state's witness saying that he and both Bradley brothers participated in the burglary of Miller's Hardware. One week after this trial, appellant's brother, Danny Bradley, executed an affidavit stating that Barnes, the state's witness, had committed the burglary alone. The affiant, Danny Bradley, entered his guilty plea two days after he executed the affidavit. This affidavit was offered in support of appellant's renewed motion for new trial.
 I
Appellant first contends that the search warrant and supporting affidavit were constitutionally inadequate and the court erred to reversal by admitting evidence secured as a result of the search warrant; specifically he contends that some of the information given in the affidavit was faulty and was hearsay.
The search warrant affidavit stated:
 "My name is David Amberson. I'm a Police Officer with the City of Piedmont, Alabama. During the night of December 28, 1981, Miller Hardware Store in Piedmont was burglarized. Taken in this burglary were several handguns, some ammunition and approximately four (4) Timex watches. A complete description of the guns is presently being compiled by Mr. Miller. I have a confidential and reliable police informant who has proved to be reliable in the past by giving me information that has led to the recovery of stolen property and the arrest and conviction of several persons. My informant has told me that he has seen the guns and ammunition stolen from Miller Hardware at a house trailer located at 605 Ray Street, Piedmont, Alabama in the possession of Billy Hagan Bradley, Jr. The Bradley subject has a reputation of committing burglary and has just been released from probation on a burglary case. I believe the property stolen from Miller Hardware to be on the above-described premises."
The trial court conducted a hearing out of the presence of the jury on the defendant's motion to suppress. The motion was denied. Applying the "totality of the circumstances" test ofIllinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527
(1983), we are satisfied that the trial court did not err in denying this motion to suppress, since the issuing authority had sufficient information to conclude that the circumstances justified issuance of the search warrant. The objection of appellant that the affidavit was based on hearsay information refers to one of the tests set out in Aguilar v. Texas,378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Aguilar is no longer controlling. The objection of appellant that there were inaccuracies in the affidavit does not render the affidavit insufficient. There is no evidence that any inaccuracy in the supporting affidavit was a false statement knowingly and intentionally made or made with reckless disregard for the truth. See Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674,57 L.Ed.2d 667 (1978).
 II
Appellant next contends that the court erred in denying his motion for mistrial after a particular statement was made by state witness Sergeant Cecil Parris, during his cross-examination. The relevant portion of the record reads as follows:
 "Q You inventoried; okay. Relative to this particular case here, what is the total evidence that was seized, that my client is charged with possession from the burglary?
"A I would have to see the list, but — *Page 176 
"Q Found in that particular bedroom.
 "A That particular bedroom, the only thing that was taken was a watch and the pistol.
 "Q Watch and pistol. Any other evidence from that trailer that my client is charged with possessing?
 "A I'm not sure. There were several boxes of shotgun shells and I'm not sure if it came out of that one or one he's charged with in Cherokee County.
 "MR. LEVINSON [Defendant's attorney]: Your Honor, I would move that last statement be stricken. I would further move for a mistrial based on the statement of Sergeant Parris.
 "THE COURT: Overrule the motion, and direct the jury to disregard that aspect of the witness's testimony. Don't give it any weight at all in your deliberations. This Defendant is charged only with those things with which he is accused in the indictment in this case.
"You may continue."
Where the trial court immediately instructs the jury not to consider a fact, that instruction in effect removes or excludes that matter from the jury's consideration. The prejudicial effect of the statement is deemed to be cured by such instructions. Richardson v. State, 374 So.2d 433 (Ala.Cr.App. 1979). The trial judge's immediate charge to the jury to disregard an impropriety raises a prima facie presumption against error. Kelley v. State, 405 So.2d 728 (Ala.Cr.App.),cert. denied, 405 So.2d 731 (Ala. 1981). The court did not err in denying the motion for mistrial.
 III
Appellant next contends that the evidence was insufficient to support the jury verdict of guilty. We find that the evidence if believed was ample to sustain a conviction. The testimony of the accomplice Barnes was corroborated by a broad range of evidence tending to connect the accused with the offense. Officer Parris's testimony that appellant was seen in a car driving down a street past the house that had been torched placed the appellant in the general vicinity of the hardware store at the time of the burglary. Finding the stolen gun and watch, the fruits of the crime, on the floor beside the mattress where appellant was sitting during the search of the house trailer is persuasive. This corroborative evidence is sufficient. See, McConnell v. State, 429 So.2d 662 (Ala.Cr.App. 1983).
 IV
Appellant finally contends that the court erred in denying his motion to consider denial of motion for new trial. At the trial, both the appellant and his sister-in-law testified that the appellant did not take part in the burglary itself. As previously stated, a week after appellant was sentenced, his brother Danny gave an affidavit saying that Barnes, the admitted burglar who testified for the state, committed the burglary alone. Two days later, appellant's brother himself pleaded guilty. The nisi prius court took testimony on this issue at a hearing on the motion and made written findings. The court found that the allegedly newly-discovered evidence did not constitute newly-discovered evidence in that it was discoverable and available before trial. Of course, the evidence was the statement of the brother of the appellant accused of participating in the same crime. Appellant asks us to assume that he and his brother could not have communicated and that their lawyers could not have communicated before trial. We find this highly unlikely.
The court next found the evidence to be merely cumulative and impeaching in nature. We agree. The court then found that the allegedly newly-discovered evidence probably would not change the result if a new trial were granted. Again we agree. Granting or denying motions such as this one lies largely within the sound discretion of the trial judge. The decision of the lower court should not be reversed by an appellate court in the absence of an abuse of discretion. Page v. State, 273 Ala. 5, 130 So.2d 227 (1961); Maund v. State, 254 Ala. 452,48 So.2d 553 (1950). A *Page 177 
review of the record in this case leads us to conclude that the appellant failed to meet any one of the three requirements to prevail on a motion for new trial on the ground of newly-discovered evidence, much less all three. The trial court did not err in the denial of this motion.
This case is due to be affirmed.
AFFIRMED.
All Judges concur, except HARRIS, J., who dissents.