BOWEN, Presiding Judge.
Douglas Duncan was indicted and convicted for theft of property in the second degree. Alabama Code 1975, § 13A-8-4. He was sentenced as an habitual offender to 17 years’ imprisonment. Two issues are raised on appeal.
I
The statement the defendant gave to Talladega County Sheriff’s Deputy Lester Nickolson was properly admitted into evidence. The record shows that the defendant was fully advised of his constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), *292 and made an intelligent and voluntary waiver.
The defendant requested an attorney after he had given an oral statement. He told Deputy Nickolson that he “did not want to sign a written statement until he had talked to a lawyer.” The Deputy then tried to call the defendant's lawyer and did not continue to question the defendant.
On appeal, for the first time, the defendant argues that his probation officer, Walter B. Smith, was present when he gave his statement, that he was on probation when arrested for the present offense, that he knew that his probation might be revoked, and that one of the terms of his probation was that he be “truthful” with his probation officer at all times. The defendant argues that the “psychological pressure” created by the probation officer’s presence effectively denied him his freedom of choice.
The record does show that a Walter B. Smith was present with Deputy Nickol-son. The record does not identify Smith in any manner. At the voluntariness hearing, no evidence of “psychological pressure” was presented. At no time in the course of the proceedings in the circuit court was this contention ever advanced. Since there is no evidence to support this argument, we must find that it is without merit. Since this argument was not raised at trial, we must find that it has been waived. On appeal, a defendant cannot challenge the admission of his confession on grounds which were not asserted at trial. Bolding v. State, 428 So.2d 187,190-91 (Ala.Cr.App. 1983); Manigan v. State, 402 So.2d 1063, 1071 (Ala.Cr.App.), cert. denied, Ex parte Manigan, 402 So.2d 1072 (Ala.1981); Waters v. State, 360 So.2d 358, 363 (Ala.Cr. App.), cert. denied, Ex parte Waters, 360 So.2d 367 (Ala.1978).
The record before this Court supports the trial judge’s findings that the defendant’s statement was voluntary in all respects and admissible in evidence.
II
The defendant asserts that the trial judge made a prejudicial comment revealing his bias toward the State.
The record shows that the trial judge had ordered a ten minute recess and “most” of the jurors had “filed out the door”, when the judge handed a note to the Assistant District Attorney stating, “You ought to ask him this. This is the guts of your case.” The record does not reveal what the note contained. When the judge made this statement “the Defendant’s attorney was standing right here and heard it.”
After the recess, the trial judge questioned the jury and determined that no juror heard anything he said to the two attorneys. The record affirmatively shows that the jury was not prejudiced by the judge’s comment. There is nothing in the record to indicate that the trial judge was trying to direct the prosecution of the State’s case. A judge may properly “suggest to the prosecution ... the proper way in which to introduce admissible evidence.” Burks v. State, 353 So.2d 539, 541 (Ala.Cr. App.1977). See also Smith v. State, 447 So.2d 1327 (Ala.Cr.App.1983). The trial judge has the authority and the duty “to pose questions to a witness for the purpose of clarifying the issues for the jury’s consideration and to aid in the orderly conduct of the trial process.” Richardson v. State, 430 So.2d 297 (Ala.1981). Nothing in the record even suggests that that is not what the trial judge was attempting to do in this case.
The defendant received a fair trial. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.