510 So.2d 852 (1987)
Johnny Wayne POE
v.
STATE
5 Div. 177.
Court of Criminal Appeals of Alabama.
February 24, 1987.
On Return to Remand June 30, 1987.
Jack S. Saint, Auburn, for appellant.
*853 Charles A. Graddick, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
McMILLAN, Judge.
The appellant was convicted of violating § 13A-11-61, Code of Alabama (1975), discharging a firearm into an occupied dwelling. He was sentenced to 21 years' imprisonment pursuant to the Habitual Felony Offender Act.
The counsel for appellant has failed to file a brief. The appellant is constitutionally entitled to effective assistance of counsel on first appeal of right. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).
This case is hereby remanded to the trial court with instructions to appoint new counsel to represent the appellant on appeal.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
On February 24, 1987, this cause was remanded to the trial court with instructions for the appointment of a new counsel to represent the appellant, as the appellant's previous counsel failed to file a brief, in violation of Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).
The appellant was convicted of violating § 13A-11-61, Code of Alabama (1975), discharging a firearm into an occupied dwelling, and was sentenced to 21 years' imprisonment pursuant to the Habitual Felony Offender Act. The appellant has been appointed new counsel and raises four issues on appeal.

I
The appellant argues that the State violated Rule 18, Alabama Temporary Rules of Criminal Procedure, by failing to show the appellant seven photographs and a metal pellet which were introduced as evidence at trial. The record indicates that, although the defense counsel contended that he had neither seen the photographs, nor been informed of their existence, Investigator Mike Barnes, of the Lee County Sheriff's Department, testified that he spoke to the defense counsel by telephone on the Thursday prior to trial and informed him that he had the photographs. Barnes further testified that he had never kept anything from the defense counsel. The defense counsel testified that he recalled the conversation, but did not "understand they had photographs." The photographs in question were taken by the victim's daughter and showed the storm door through which the appellant allegedly shot into the victim's house.
The appellant also argues that the State failed to disclose the existence of a metal pellet. The defense counsel, at trial, indicated that he was informed of the existence of one metal fragment from a shotgun that was taken from the house. The State, however, sought to admit two pieces of metal. The trial court ruled that the appellant suffered no "substantial prejudice" from the fact that there might have been two pellets, rather than one, recovered from the house.
The record indicates, based upon Investigator Barnes's testimony, that the requirements of Rule 18 were satisfied, and, absent clear error, the trial court's credibility choices at suppression hearings are binding on this Court. United States v. Alridge, 719 F.2d 368 (11th Cir.1983); Morrison v. State, 455 So.2d 240 (Ala.Cr.App.1984). Furthermore, the failure of the State to disclose the existence of the second pellet did not prejudice the appellant, nor did it affect the outcome of the trial. Hurst v. State, 469 So.2d 720, 723 (Ala.Cr.App.1985); United States v. Agurs, 427 U.S. 97, 104, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976).

II
The appellant argues that he was substantially prejudiced due to the fact that Investigator Barnes was not placed under oath when discussing the discovery *854 matter with the Court. The defense counsel failed to object on this ground. Cf. Saxton v. State, 389 So.2d 541 (Ala.Cr.App. 1980). Although the record does not indicate whether Investigator Barnes was sworn prior to his in camera testimony to the trial judge, the record indicates that he was so sworn prior to testifying before the jury. In Jones v. State, 398 So.2d 360 (Ala.Cr.App.), cert. denied, 398 So.2d 369 (Ala. 1981), this Court found no error under the same factual circumstances. We find no reversible error arising from the witness's unsworn conversation with the judge outside the hearing of the jury.

III
The appellant argues that he should have been granted a mistrial after a witness testified concerning the appellant's prior trial. The record indicates that the following transpired during the cross-examination of the victim:
"Q Okay. When did you take those pictures to the Sheriff's Department?
"A Whenever they were developed.
"Q And when was that.
"A I don't have any idea.
"Q Well did you take them and pick them up?
"A Did I take
"Q Did you take the photographs
"A I picked the pictures up and called them and told them I had them and they told methe pictures was brought when he was on trial the last time. I brought them in the same day, or that evening `cause I turned everything I had in
"[Defense counsel]: Your Honor, I want to move for a mistrial. Hear this outside the jury."
Thereafter, the defense counsel moved for a mistrial on the basis of the witness's reference to the appellant's prior trial. The trial court overruled the appellant's motion, stating that the witness's reference was in response to the defense counsel's open-ended question, without any prompt ing from the prosecution. He further noted that the jury "doesn't know how it came out or what crime it was." The appellant relies on Bradley v. State, 450 So.2d 173 (Ala.Cr.App.1983). However, in Bradley, the defense counsel made a motion to strike the statement and further moved for a mistrial; the trial court denied the defense counsel's motion for mistrial and instructed the jury to disregard the statement. The appellant in the case subjudice failed to make a motion to exclude.
Additionally, the trial court did not abuse its discretion in ruling that the defense counsel was inviting error by asking such open-ended questions, Dixon v. State, 481 So.2d 434 (Ala.Cr.App.1985), and any error in the witness's response to such questions was harmless error. Rule 45, Alabama Rules of Appellate Procedure.
"The decision to grant a motion for mistrial is generally left to the discretion of the trial judge. The trial judge has heard what has transpired and has seen the scenario unfold, and is thus in a better position to determine whether a mistrial should be declared. Duncan v. City of Birmingham, 384 So.2d 1232 (Ala.Cr.App.1980). A motion for mistrial implies a miscarriage of justice; therefore, it should only be granted where it is clear that justice can not be afforded. Diamond v. State, 363 So.2d 109 (Ala.Cr. App.1978)." McMurphy v. State, 455 So.2d 924, 929-30 (Ala.Cr.App.1984). We do not find that the trial court grossly abused its discretion.

IV
The appellant argues that he failed to receive prior notice of the restitution hearing in this case. The defense counsel objected at the sentencing hearing to the failure of the court to provide prior notice that the restitution amount would be determined at the sentencing hearing. Shortly thereafter, a hearing was held in which the victim testified that the kitchen window frame and the entire storm door would have to be replaced. He estimated the cost at approximately $150. The victim further testified that he had not gotten any estimates on the cost of replacement. We note that there is no notice requirement under § 15-18-67, Code of Alabama (1975), *855 which addresses restitution hearings. The appellant has failed to show that he was prejudiced because of the lack of notice. "The particular amount of restitution is a matter which must of necessity be left almost to the discretion of the trial judge. That discretion should not be overturned except in cases of clear and flagrant abuse. Such abuse is not present in this case." Clare v. State, 456 So.2d 355, 356 (Ala.Cr. App.1983), affirmed, Ex parte Clare, 456 So.2d 357 (Ala.1984).
AFFIRMED.
All the Judges concur.