535 So.2d 203 (1987)
Curtis SANDIFER
v.
STATE.
8 Div. 837.
Court of Criminal Appeals of Alabama.
October 27, 1987.
On Return to Remand June 14 and October 11, 1988.
*204 H. Coleman Benton, Huntsville, for appellant.
Don Siegelman, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
McMILLAN, Judge.
Appellant's counsel has failed to file a brief. The appellant is entitled to effective assistance of counsel on first appeal of right. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); Poe v. State, 510 So.2d 852 (Ala.Cr.App.1987).
Therefore, this case is remanded to the trial court for appointment of different counsel to represent the appellant.
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
The appellant was indicted on five counts of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama (1975). Count III of the indictment was nolprossed by agreement. The appellant was found guilty of the remaining four counts of robbery and was sentenced to life without parole pursuant to the Habitual Felony Offender Act.

I
The appellant argues that the robbery indictment is void because it fails to allege, in each count, that force was used against the owner of the property or someone who was present during the robbery. Robbery in the first degree is defined by § 13A-8-41 as follows:
"(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
"(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another."
Section 13A-8-43, as encompassed in the above stated statute, states:
"(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
"(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or

*205 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
Each count of the appellant's indictment alleges that the owner of the property is a named company or corporation: specifically, A.J.S. Associates doing business as Kentucky Fried Chicken; Twickenham Station, Inc.; Convenience Incorporated, a corporation, doing business as Amoco Food Mart; and Shoe City, Incorporated. Each count also names the individual against whom the imminent use of force was threatened. The appellant argues that because the indictment does not state that each named individual was present, it is void because it does not include every element of the crime of robbery in the first degree. Each count clearly contains the name of the person present against whom the appellant threatened the imminent use of force during the course of the theft. There is no requirement that an indictment for robbery use the word "present," but the State is required to prove that the named individual was present. "As a general rule, an indictment is sufficient when it correctly follows the language of the statute, provided the statute sets out with definiteness the elements of the offense." Smith v. State, 446 So.2d 68, 71 (Ala.Cr. App.1984). This indictment stated the facts constituting the robbery and stated them in ordinary and concise language and in such a manner as to enable the appellant to know what was intended. § 15-8-25, Code of Alabama (1975).

II
The appellant argues that the trial court erred in failing to suppress his statements because, he says, they were the result of a custodial interrogation pursuant to an invalid arrest. The appellant contends that his arrest was illegal because there was no probable cause. He filed a motion to suppress, based on this argument. The record indicates that the appellant was arrested pursuant to a warrant. The appellant argues that the warrant was insufficient because it was based only on information provided by an individual named Harry Robinson, who was a suspect in these robberies and who was promised immunity from prosecution if he would provide the police department and prosecution with information. Because the warrants and affidavits are not part of the record, there is nothing for this court to review concerning the validity of the arrest warrant. See Eaton v. State, 423 So.2d 352 (Ala.Cr.App.1982).

III
The appellant contends that the trial court erred in not suppressing his confessions, because, he says, they were the product of threats or coercion. The appellant testified that, during his interrogation, police officers told him that if he did not cooperate, they would arrest his girl friend and his mother. He further testified that one of the detectives stated that he would "cause trouble for the rest of [his] family." However, one of the officers testified that neither he, nor anyone in his presence, threatened the appellant, threatened to prosecute any of his relatives or his girl friend, or attempted to coerce a statement from him in any way. Because the evidence concerning voluntariness was conflicting, great weight must be given to the trial court's judgment. Blackburn v. Alabama, 361 U.S. 199, 208, 80 S.Ct. 274, 281, 4 L.Ed.2d 242 (1960). This court is not convinced that the trial court's conclusion is palpably contrary to the great weight of the evidence and manifestly wrong, and the trial judge's finding will not be disturbed on appeal. Harris v. State, 280 Ala. 468, 470-71, 195 So.2d 521 (1967).

IV
The appellant contends that the trial court erred in failing to suppress his confessions as products of custodial interrogations conducted in violation of his right to counsel. The appellant testified that, while in custody, he was refused the right to telephone his mother in order to have her contact an attorney in his behalf. However, one of the officers testified that, after *206 the appellant was read his Miranda rights, he never expressed a desire for an attorney, refused questioning, or expressed a desire to discontinue the interview. The officer further testified that the appellant was very cooperative. Thus, the evidence as to the appellant's invocation of his right to counsel was conflicting and the conflict was a matter for the trial court to resolve. See Bryant v. State, 428 So.2d 641, 645 (Ala.Cr.App.1982), cert. denied, 428 So.2d 646 (Ala.1983); Hammons v. State, 371 So.2d 986, 987 (Ala.Cr.App.1979).
Furthermore, the appellant has failed to preserve this issue. It was neither included as a ground for the appellant's motion to suppress the confessions, nor was any objection ever raised on this ground during the trial. Duncan v. State, 455 So.2d 291 (Ala.Cr.App.1984).

V
The appellant argues that the trial court erred in failing to grant his motion for mistrial following an inadmissible and prejudicial statement of a witness. The following transpired during the defense counsel's cross-examination of one of the police officers:
"Q: Does Mr. Robinson have a felony conviction record, to your knowledge?
"A: Yes, sir, he does.
"Q: How extensive is it?
"A: I know he has a robbery in his past. I am not sure what else.
"Q: Does he have more than one felony conviction, to your knowledge?
"A: I'm not sure. Possibly, yes, sir.
"Q:[1] All three of the suspects involved had
"[DEFENSE COUNSEL]: I am going to object to what all three of them had. I move for a mistrial, Your Honor.
"THE COURT: Ladies and gentlemen, disregard the statement of the witness. It was not called for. Are there any of you who cannot put that statement out of your mind and just forget it? If you can't, let me know that.
"(No response)
"THE COURT: Thank you very much. I overrule your motion."
The appellant argues that he was prejudiced because the jury was permitted to hear and consider evidence of his prior criminal record which was inadmissible because he had not taken the stand. However, this evidence was elicited in response to a question asked by the defense counsel. Thus, he opened the door to the officer's statement and invited the error. Holmes v. State, 505 So.2d 1308, 1310-11 (Ala.Cr.App. 1987).
Moreover, the officer's answer concerning the other suspects was cut off by the objection, and the trial court's prompt instructions to disregard the statement cured any error. Hatch v. State, 398 So.2d 415 (Ala.Cr.App.1981). None of the jurors indicated that they were unable to put the statement out of their mind and, thus, the appellant suffered no prejudice.

VI
The appellant argues that he was denied effective assistance of counsel at trial. Initially, the appellant contends that his counsel was ineffective for not challenging the joinder of the offenses in one indictment. However, the joinder was proper under Rule 15.3(a)(i), Alabama Temporary Rules of Criminal Procedure in that the robberies were all of the same or similar character.
The appellant further argues that his trial counsel was ineffective in failing to object to certain leading questions propounded by the prosecutor and questions which called for conclusions of the witnesses. However, after reviewing each of these instances, we conclude that the result of the appellant's trial would not have been different if the trial counsel had objected to these questions. Therefore the prejudice *207 prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was not met.
The appellant also argues that his trial counsel was ineffective in failing to object to what he says was an erroneous charge given to the jury by the trial court regarding the law of complicity. Specifically, the appellant argues that the trial court erred in stating that, "if a person aids or abets another in the commission of a crime, he is as guilty as the party who commits that crime." The appellant argues that the statement is improper for failing to include the intent element of complicity. However, the record indicates that just prior to stating the above-quoted sentence, the trial court charged:
"Under our law, a person is legally responsible for the behavior of another constituting a criminal offense if with the intent to promote or assist the commission of the offense he aids or abets such other in the commission of the offense." (Emphasis added.)
"When reviewing a judge's oral charge, `each statement made by a judge to the jury should be examined in light of the entire charge and ... isolated statements which appear prejudicial when taken out of context may be innocuous when viewed in light of the entire charge.'" Kennedy v. State, 472 So.2d 1092, 1103 (Ala.Cr.App. 1984), affirmed, 472 So.2d 1106 (Ala.1985), cert. denied, 474 U.S. 975, 106 S.Ct. 340, 88 L.Ed.2d 325 (1985), quoting United States v. McCoy, 539 F.2d 1050, 1063 (5th Cir. 1976), cert. denied, 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977). The trial court's oral charge clearly informed the jury that the accomplice must intend to aid in the commission of the offense.
The appellant further argues that his trial counsel was ineffective in failing to seek production of the arrest warrant or the affidavit in support of the warrant. The appellant argues that this failure resulted in depriving the trial court of adequate information upon which to base its ruling on the motion to suppress and further resulted in a deficiency in the record on appeal with respect to whether there was probable cause for the arrest and that led to the confession. The appellant is entitled to a hearing to determine whether he was denied effective assistance of counsel on this ground. There is testimony from one of the officers that, aside from the information obtained from the confidential informant who was also a suspect in the case, he was aware of the existence of a gun which was used in one of the robberies and which was obtained from another confidential informant. However, the record is unclear as to whether the officer conveyed that information to the magistrate. Therefore, we are unable to determine whether the warrant was based on probable cause. Because the appellant's confessions were obtained during interrogation following this arrest, we must remand this cause to the trial court for a determination as to the effectiveness of trial counsel's performance on this matter under the guidelines of Strickland v. Washington, supra.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court for a determination as to the effectiveness of the appellant's counsel's performance in failing to seek production of the arrest warrant or the affidavit in support of the arrest warrant. An evidentiary hearing was held on this matter on August 10, 1988. The trial court found as follows (in pertinent part):
"Upon consideration of the evidence presented in open court, the Court is of the opinion, and expressly finds, that trial counsel was not ineffective. The arrest warrant was issued based on probable cause. Trial counsel examined each affidavit and each warrant well prior to trial. The investigating officer had sufficient probable cause to believe defendant had robbed Twickenham Station. The warrant magistrate was presented with sufficient sworn testimony upon which to issue the warrant.

*208 "Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant has the burden of establishing that trial counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. In making the determination that defendant's trial counsel was not ineffective the Court has considered the totality of the evidence, including that presented on hearing of the motion to suppress, the case-in-chief, and the hearing on remand. The Court has also considered both the prejudice and performance components of the ineffectiveness inquiry. The defendant has failed to convince the Court that the justice of his conviction was rendered unreliable by a breakdown of the adversary process caused by deficiency in trial counsel's performance. 104 S.Ct. at 2071."
The trial court properly determined that defense counsel's performance was not ineffective and, therefore, this cause is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.
NOTES
[1] Although the record contains a "Q" indicating that the statement "All three of the suspects involved had" was made by the defense counsel, this was clearly a typographical error and both parties on appeal, as well as the trial court during the trial, have treated the statement as having been part of the officer's answer.